IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ASHLEY WILLIAMS,

        Plaintiff,

    v.                                   1:12-cv-4276-WSD

CAROLYN W. COLVIN,
*Acting Commissioner of Social
Security Administration*,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's

Final Report and Recommendation ("R&R") [17] in Plaintiff Ashley Williams's

("Plaintiff") Social Security Disability Action.

## I.    BACKGROUND

On October 3, 2102, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g)

to obtain judicial review of the final decision of the Commissioner of the Social

Security Administration (the "Commissioner") who denied Plaintiff's claim for

Supplemental Security Income benefits ("SSI") under the Social Security Act (the

"Act").

On April 21, 2009, Plaintiff filed an application for SSI, alleging a disability that commenced on October 23, 2006.  Plaintiff based her application on her limited intellectual capacity and physical conditions that limit her ability to perform work.

On September 8, 2009, Plaintiff's application for SSI was denied.  On June 24, 2010, the Commissioner denied Plaintiff's request for reconsideration of her application.

Part of the analysis that the Commissioner must conduct involves determining whether the claimant's impairment meets, medically equals, or exceeds the severity of any impairments found in the Listing of Impairments ("Listings") identified in the Social Security regulations.  See 20 C.F.R. § 416.924(d).  The Listings describe, for each of the major body systems, impairments which are considered severe enough to prevent an adult from doing any gainful activity.  See 20 C.F.R. § 404.1525(a); 20 C.F.R. § 416.925(a). Plaintiff argued that the evidence established that her conditions are the medical equivalent to the severity of "mental retardation"[1] pursuant to Listing 112.05(D).

---

[1] On August 1, 2013, the Social Security Administration ("SSA") amended Listing 12.05 to replace the words "mental retardation" with "intellectual disability" because of the negative connotations associated with the term "mental retardation."

Plaintiff alleged that her "borderline" intelligence limited her intellectual functioning, and that her abnormal body condition limited her work capacity.

On July 1, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On January 26, 2011, an evidentiary hearing was held before the ALJ.

At the time of her application for SSI, Plaintiff was twenty-two years old, and pregnant with her first child.  She has a ninth grade education.  Throughout Plaintiff's school career, she consistently tested well below her grade level on various achievement tests.  Plaintiff repeated the eighth and ninth grades.

Evidence from Plaintiff's medical and psychological history shows that Plaintiff suffers from hemi-hypertrophy, a condition that causes one side of the body to grow larger than the other, resulting in chronic pain.  Plaintiff also suffers from dysthymic disorder[2] and has borderline intellectual capacity.

Plaintiff had been employed as a fast-food cashier but was not able to perform the mental tasks required of her position.  Her employer then assigned her to janitorial duties.  Due to pain from her hemi-hypertrophy, however, she was

---

See 78 Fed. Reg. 46,499, 46,501.  The change "does not affect the actual medical definition of the disorder or available programs or services."  Id. at 46,500.  This Opinion and Order uses the term "mental retardation" to avoid inconsistency in the record.

[2] A mild but chronic form of depression.

3

unable to stand long enough to perform her janitorial duties.  Plaintiff testified that her combined impairments prevents her from working.

On April 29, 2011, The ALJ issued a "Notice of Decision-Unfavorable," finding that Plaintiff was not under a "disability" as defined by the Act, and that there are jobs in significant numbers in the national economy that Plaintiff can perform.

On October 24, 2012, the Appeals Council of the SSA denied Plaintiff's Request for Review of the ALJ's decision.  On January 14, 2013, Plaintiff, having exhausted all administrative remedies, filed this action.  Plaintiff alleges that the Commissioner erred for the following reasons:

1.    The ALJ incorrectly concluded Plaintiff did not meet section 12.05(C) of the Listings under the Act, 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.05 (mental retardation).

2.    Lacking testimony from a vocational expert ("VE"), the ALJ could not have properly determined that there are jobs in significant numbers in the national economy that Plaintiff has the residual functional capacity ("RFC") to perform.

On December 27, 2013, Magistrate Judge Baverman issued his R&R recommending that the final decision of the Commissioner be affirmed in part and reversed in part.  The Magistrate Judge found that substantial evidence supported the ALJ's finding that Plaintiff is not under a disability as defined by the Act.  The Magistrate Judge found that substantial evidence did not, however, support the

4

finding that there is a significant number of jobs Plaintiff can perform, because the ALJ did not adequately consider contrary evidence. The Magistrate Judge recommended that the ALJ's opinion be reversed and that the ALJ address, on remand, the availability of jobs for Plaintiff. The parties did not object to the R&R.

## II.    DISCUSSION[3]

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

---

[3] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's factual findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

B.    <u>Analysis</u>

The parties did not object to the R&R's findings or conclusions, and the

R&R is reviewed for plain error.  In determining whether an applicant suffers from

a "disability" for purposes of benefits under the Act, the ALJ performs a five-step

evaluation, prescribed in 20 C.F.R. § 404.1520.  The five steps include:

1.  Is the individual performing substantial gainful activity;

2.  Does she have a severe impairment;

3.  Does she have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 [("Listed Impairment")];

4.  Can she perform her past relevant work; and

5.  Based on her age, education, and work experience, can she perform other work of the sort found in the national economy.

<u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1237 (11th Cir. 2004).

1.    *Whether Plaintiff has a Listed Impairment*

Plaintiff argues that the ALJ erred in failing to determine the severity of

Plaintiff's deficits.  The Magistrate Judge observed that the ALJ, at step three of

the evaluation, determined that Plaintiff has a severe combination of impairments

that does not meet or equal a Listed Impairment.

The ALJ noted that two doctors independently diagnosed Plaintiff with

borderline intellectual functioning.  Borderline intellectual functioning does not by

itself meet or medically equal the mental retardation Listing.  The ALJ also made numerous findings related to Plaintiff's adaptive functioning.  He found that Plaintiff did work around the house and helped to care for her child.  The ALJ also acknowledged evidence contrary to his conclusion before making his decision. Plaintiff had a history of getting into trouble in school, and she did not assist in any cooking.  The ALJ examined all the evidence presented and determined that Plaintiff's adaptive functioning is not sufficiently deficient to meet the Listing.

The Magistrate Judge concluded that the ALJ did not err in his analysis because he properly applied the law in finding that Plaintiff's adaptive functioning is not consistent with the mental retardation Listing, and he supported his conclusion with substantial evidence.  The Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law on this issue.  See Martin v. Sullivan, 894 F.2d 1520, 1549 (11th Cir. 1990) ("Even if the evidence preponderates against the Secretary's factual findings, we must affirm it if the decision reached is supported by substantial evidence.").

### 2.    VE Testimony

Plaintiff argues that the ALJ erred in concluding Plaintiff has the RFC to perform jobs that exist in significant numbers in the national economy.  The Magistrate Judge noted that the ALJ relied on the Medical-Vocational Rules

("grids"), see 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(e), to find that there was a significant number of jobs in the national economy that Plaintiff could perform. Using the grids, the ALJ determined that Plaintiff's non-exertional limitations of borderline intelligence and dysthymia had "little to no effect" on her capacity to perform light, unskilled work. The ALJ did not provide further evidence demonstrating the minimal effect of Plaintiff's non-exertional limitations. The ALJ also did not appear to take into account the fact that Plaintiff was unable to "catch on" to the responsibilities of her cashier position, even though this fact contradicts the ALJ's conclusion.

The Magistrate Judge concluded that the ALJ erred in his analysis because the ALJ did not make a specific determination – supported by substantial evidence – explaining that he did not credit the additional evidence of non-exertional limitations. The ALJ also did not consult a VE to determine whether there were sufficient jobs in the national economy that Plaintiff could perform during the relevant period in light of the additional non-exertional limitations.

The Magistrate Judge recommended that the Commissioner's final decision denying benefits be reversed in part and remanded, so that the Commissioner can address this identified error. The Court finds no plain error in this finding and recommendation. See Welch v. Bowen, 854 F.2d 436, 439 (11th Cir. 1988)

(noting that, where both exertional and non-exertional limitations affect the claimant's ability to work, the ALJ must make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.") (internal quotations omitted); see also Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996) (noting that "[i]f nonexertional impairments exist, the ALJ may use the grids as a framework to evaluate vocational factors but also must introduce independent evidence, preferably through a vocational expert's testimony, of the existence of jobs in the national economy that the claimant can perform.") (citing Bowen).

III.   **CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [17] is **ADOPTED**.  The Commissioner's final decision denying benefits to Plaintiff is **AFFIRMED IN PART** and **REVERSED IN PART** and **REMANDED** to the Commissioner for further consideration of Plaintiff's claims, consistent with this Order.

**SO ORDERED** this 5th day of February 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE